# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONAL OLDAKER,** : | Civil Action No. 1:09-cv-02170 |
|  **Plaintiff** : |  |
| : | (Chief Judge Kane) |
| **v.** : |  |
| : |  |
| **JOANNE M. SEELEY, et al.,** : |  |
|  **Defendants** : |  |

### MEMORANDUM ORDER

Plaintiff Donal Oldaker filed a complaint in this action on November 5, 2009.  (Doc. No. 1.)  On January 25, 2010, the Court issued an order staying the case pending resolution of Defendant Taylor, Bean & Whitaker Mortgage Corporation's ("Taylor, Bean & Whitaker") bankruptcy action.  (Doc. No. 5.)  On June 29, 2010, the Court ordered the parties to file a joint status report by July 16, 2010.  (Doc. No. 10.)  Plaintiff's counsel, Ms. Margaret M. Stuski, filed a status report on July 18, 2010, stating that she was engaged in settlement discussions with Taylor, Bean & Whitaker and that she would move to lift the stay once a settlement was finalized.  (Doc. No. 11.)  Ms. Stuski requested sixty days to finalize the settlement.  (Id.)

After Plaintiff failed to file a motion to lift the stay or otherwise inform the Court of settlement discussions, the Court ordered the parties to submit a joint status report by October 1, 2010.  (Doc. No. 12.)  Ms. Stuski filed a status report on October 1, 2010, stating that no settlement had been reached with Taylor, Bean & Whitaker, that she intended to file a motion for leave to file an amended complaint, and that she intended to file a motion to lift the stay in order to proceed against the other Defendants.  (Doc. No. 13.)  On December 17, 2010, after Plaintiff failed to file those, or any other, motions with the Court, the Court ordered the parties to submit a joint status report by December 29, 2010.  (Doc. No. 16.)  The parties failed to respond to the

Court's order.  Accordingly, on January 27, 2011, the Court ordered the parties to submit a joint status report by February 4, 2011 and noted that failure to file a status report may result in dismissal of the action for failure to prosecute.  (Doc. No. 17.)  To date, the parties have not responded to the order.  For the following reasons, the Court will dismiss Plaintiff's action.

District courts have the inherent power to dismiss an action for failure to prosecute sua sponte.  Chambers v. NASCO, Inc., 50 1U.S. 32, 44 (1991).  Nevertheless, because of the severity of a dismissal sanction, districts court should provide a plaintiff with an opportunity to explain his reasons for failing to prosecute his action or comply with court orders prior to dismissing a case sua sponte.  Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008).  After a plaintiff is given this opportunity, the United States Court of Appeals for the Third Circuit has identified six factors a court should consider before dismissing an action for failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphases omitted).  None of these factors is dispositive, and "[e]ach factor need not be satisfied for the trial court to dismiss a claim."  Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).  However, the factors "should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal . . . is reserved for the instances in which it is justly merited."  Poulis, 747 F.2d at 870.

First, with respect to Plaintiff's personal responsibility, the Court finds that Plaintiff's counsel, Ms. Stuski, is primarily responsible for the failure to comply with the Court's orders or

otherwise prosecute the instant action.  But Plaintiff cannot be totally devoid of responsibility solely because he is represented by counsel in this action.  See Poulis, 747 F.2d at 868.  While the Court may excuse a plaintiff's ignorance of the Federal Rules of Civil Procedure, the Court notes that, in this case, a reasonably diligent plaintiff would have taken steps to either ensure that his attorney was actively pursuing this litigation or to retain new counsel if his attorney was not willing or able to do so.

Second, the Court will address the prejudice to Defendants caused by Plaintiff's failure to prosecute his claims.  "Generally, prejudice includes the irretrievable loss of evidence, the inevitable dimming of witness memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."  Briscoe, 538 F.3d at 259 (internal quotation marks and citation omitted).  But "prejudice is not limited to 'irremediable' or 'irreparable' harm.  It also includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy."  Id. (internal citations and quotation marks omitted).  The instant litigation has been pending for over two years, and neither Plaintiff nor Ms. Stuski has given any indication that Plaintiff plans to return to this case.  Further, it has been over fifteen months since Ms. Stuski filed a status report with the Court, indicating that she intended to lift the stay and proceed with Plaintiff's claims against Defendants, save for Taylor, Bean & Whitaker.  (Doc. No. 13.)  As a result, Defendants have been given no information regarding Plaintiff's claims beyond the allegations contained in the complaint.  The Court, therefore, concludes that this prejudice to Defendants weighs in favor of dismissal.

Third, the Court will consider Plaintiff's history of dilatoriness before the Court.  "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as

consistent . . . tardiness in complying with court orders." Id. at 260.  Plaintiff's conduct in this litigation has not been acceptable.  Plaintiff has taken no action in this case for over fifteen months and failed to even attempt to comply with the Court's December 17, 2010 and January 27, 2011 orders, the latter of which warned him that failure to respond to the order may result in dismissal of the action for failure to prosecute.  It appears that Plaintiff has completely ignored that order as well as this litigation in its entirety.  Accordingly, the Court finds that Plaintiff's dilatoriness has been significant and weighs heavily in favor of dismissal.

With respect to the fourth factor, the Court must consider whether the conduct of Plaintiff or his counsel was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Id. at 262.  The Court finds that the conduct of Plaintiff and Ms. Stuski demonstrates a willful disregard for the Court's directives and the opposing parties.  This factor, therefore, weighs in favor of dismissal.

Regarding the fifth factor, the Court must consider whether alternative sanctions would be effective.  Because the Court "cannot envision a[n] [alternative] sanction" that would be effective in bringing about Plaintiff's compliance with Court orders in this action, the Court concludes that this factor weighs in favor of dismissal.  See id.

Finally, in determining whether a plaintiff's claims are meritorious, courts generally use the standard for a motion to dismiss for failure to state a claim. Id. at 263.  Thus, a claim is deemed meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." Id.  Plaintiff's claims appear to be facially meritorious; his complaint is thirty-five pages in length, includes twelve counts, and avers facts in support of each alleged violation. (Doc. No. 1.)  Accordingly, this factor will weigh against dismissal of the action.

In balancing the Poulis factors, there is no "magic formula" or "mechanical calculation" to determine how they are considered. Briscoe, 538 F.3d at 263. Instead, it is within this Court's discretion to balance these factors. Id. Upon weighing the factors, the Court finds that dismissal is warranted in this action. In reaching this decision, the Court is especially mindful of the fact that Plaintiff has taken virtually no action to pursue this litigation other than file a complaint. While this action has been stayed since January 25, 2010, it has been over fifteen months since Ms. Stuski indicated that she intended to file a motion to lift the stay against all Defendants except for Taylor, Bean & Whitaker. She has failed to file such a motion and has also made no effort to respond to the Court's orders. The conduct of Plaintiff and Ms. Stuski, quite simply, indicates that they have no intention whatsoever to further pursue Plaintiff's claims.[1] Such conduct cannot be tolerated.

**ACCORDINGLY**, on this 9th day of January 2012, **IT IS HEREBY ORDERED THAT**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the claims of Plaintiff are **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] The Court notes that Ms. Stuski is counsel for the plaintiff in a similar case pending before this Court, Hocker v. CitiMortgage, Inc., 1:09-cv-00973. In Hocker, Ms. Stuski filed five responses to Court orders during the past two months, indicating that there are no extraordinary circumstances excusing her lack of diligence in the present matter.